Abel Acosta, Clerk

81,156-03

RE: WR-81,156-03                    Aug. 12, 2015
   Tr. Ct. No. 1390217-B

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

Dear Mr. Acosta
     I recieved the States Proposed Findings of Fact and Conclusion of LAWS and Order on 7-28-15, Inclosed I send your the mail rooms verification of when I recieved it, on 8-3-15 before the 10th day of recieving the order was up I rebuttaled the findings of Fact and Conclusions of Law.
     Inclosed is a copy I would like to file in the Court of Criminal Appeals so the Judges can consider my rebuttal of the states finding of fact.
     Today I recieved your notification that my 11.07 was filed way after the 181st day of filing in state District Court #177th
     I'm sending you this copy to file on my behalf.

          Thank you very much

                    Sincerely
                    Mario Quintanilla
                    Applicant   Pro-Se

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I received a package from The Harris County District Court on 7-28-15. I had 10 days to respond to said package, can you please send me proof that I receive that package from Chris Daniel Harris County District Clerk.

Thank you

Name: Mario Quintanilla    No: 1892523    Unit: Ellis

Living Quarters: C7-318-B    Work Assignment: 9's Med #1

**DISPOSITION:** (Inmate will not write in this space)

incoming mail from: Chris Daniel dist clerk
POB 4651 Huston, tx 77210

Was Received on 7/27/15 $ Delivered on 7/28/15
B Processed

- Mailroom -

☆I-60 (Rev. 11-90)

EXPARTE                          IN THE 177th DISTRICT
                                    COURT OF

MARIO QUINTANILLA          HARRIS COUNTY, TEXAS
   Applicant pro-se


APPLICANT'S REBUTTAL OF THE STATE'S PROPOSED
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER


Having recieved the STATE'S PROPOSED FINDINGS OF FACT,
CONCLUSIONS OF LAW AND ORDER on July 28, 2015 Applicant
MARIO QUINTANILLA strongly rebutts the finding of fact
and CONCLUSIONS OF LAW.


## FACT

INEFFECTIVE ASSISTANCE OF COUNSEL FROM MS. TANYA. L.
TERRY


1. Trail counsel TANYA L TERRY wrote applicant a letter saying
she researched "Shepardized" the charge applicant was accused of on
July 17, 2013. She explains because I had no priors I was charged
with a STATE JAIL FELONY for evading "DETENTION". She also states
the law changed in "2011" SEE Applicants exhibit-A in WRIT MEMORAN-
DOM.


2. IN this letter Ms. TERRY explains with the evidence we
have (the tow truck drivers statement) I should be charged
with a misdemeanor.

1.



3. MS. TERRY says in said letter I am not in the punishment range for a Habitual offender. Due to erroneous information applicant proceeded to trail with a grave misconception as to the very nature of the proceedings and possible consequences. Misrepresentations in the Exhibit-A constituted ineffective assistance of counsel rendering applicant plea involuntary. Applicants seeks a remand for a new sentence in accordance with the terms of the original plea bargin offered by the D.A. in the 177th District Court room on August 23, 2013. Applicant is an uneducated layman to the matters of law and would ask the court to consider a pleadings, answers, and application, e.t.c. with this cause in a liberal manner.

4. On the first court date with Ms. Terry she told me again "I had a misdemeaner she was giving our evidence to the D.A." The D.A. wrote on the reset form "State needs to evaluate evidence produced by Defense Counsel" This form is firmly found in Clerk records.

5. On Aug 23, 2013 the D.A.'s plea offer was 2 years (the max for a state Jail felony). Applicant countered with a one year plea deal. Applicant spoke to Judge Patrick trying to sign at least for 18 months in State Jail. Mr. Patrick said if I didn't sign the 2yr deal I would be facing 3rd degree punishment because of my prior felony.

6. Applicants trail was sent to STATE JAIL FELONY COURT.

7. There is no record applicant was admonished as to a habitual offender for a State Jail felony. 2.

8. After the Aug. 23, 2013 Court session applicant wrote Ms. Terry a letter asking "why is the D.A. doing this to me", referring to the maximum time offered for a State jail felony.

9. Applicant did not request Ms. Terry put in writing that he was charged with a Third degree felony as stated in states finding of fact number 5. She wrote that fact in response to my Aug. 26 letter saying "She told me it was a misdemeaner" That fact #5 is a completely fabricated fact.

10. In Aug. 29, 2013 Ms. Terry wrote applicant stating "In my letter I advised you that evading detention was a state jail felony, I would like to make myself clear and apologize because that was incorrect information", "evading detention in a motor vehicle (as you are charged) is a Third degree felony not a STATE JAIL FELONY as I previously told you"

11. This letter and information was recieved after refusing the 2 yr. plea offer. After reading this letter the applicant decided to accept the D.A.'s 2yr. plea offer because there is no way he'll risk getting 25 yrs. in a trail as a hibitual offender.

12. Applicant was never told the 2yr. plea offer was a "Today only offer" that could be withdrawn.

13. Ms. Terry states in her Aug. 29th letter that in her July 17, 2013 letter to me she stated "with the two enhancments you were facing Second degree punishments range of two to twenty years" That is simply NOT TRUE. Please see exhibit-A and B in WRIT memorandum to descredit that statement.

14. Until applicant read in Ms. Terry's Aug. 29, letter that the charge was actually a 3rd degree felony, not a state jail felony and

3.

applicant was facing trail as a habitual offender is the first time applicant understood the seriousness of the charge.

15. After that letter explaining the correct degree of punishment applicant immediately agrees to sign for the 2yr. plea offer

16. Ms. Terry visited the applicant at the Harris County jail on Oct. 3, and Oct. 24, 2013 and both times the applicant told Ms. Terry he was accepting the states plea offer on his court date. SEE Terry's Affidavit. There was never no mention of a today only offer.

17. On October 29, 2013 in STATE JAIL FELONY Court the Applicant was prepared to sign 2yr. offer. when Ms. Terry stated "it was off the table" The new offer was 10 years.

18. As stated in Ms. Terry's Affidavit and in the States finding of fact #20. Applicant spoke with Defense Counsel for more then 2 hours explaining to Mr. Johnson mostly the predicament the applicant was in because of Ms. Terry's errors. I stressed to Mr. Jules Johnson that I agreed to trail on a state Jail felony not a 3rd degree felony when it could result in 25 years in T.D.C.J.

19. The applicant explained to the D.A. and the Judge he understood the charge to be a state jail felony and he wished to sign 2 year plea. instead of trail on a 3rd degree felony. As stated in States findings of facts #25. I repeotedly explained the confusion because of Ms. Terry's misleading advice.

20. Interruptions during plea allocution applicant argued that he lost out on 2year plea do to ineffective assistance of counsel prove plea was involuntary.

4.

21. 7 year plea agreement was involuntary due to threats of 25 yrs. in T.D.C.J.

22. Ms. Terry affidavit clearly proves that after she clearified her mistake, I was willing to sign 2 year plea offer and did not want to go to trail as a habitual offender.

23. Applicant was prejudiced because he was unable to make an informed decision regarding 2 year plea offer.

## 30 days to FILE MOTION FOR NEW TRAIL

1. Applicant called Ms Terry stating " I want to withdraw my plea", Help me withdraw my plea please" She said OoK I'll talk to the judge tomorrow.

2. A few days later applicant calls Ms. Terry again asking, did she file the motion to withdraw his plea? She asked " did you get my letter" I said no, what letter? She said I should be getting a letter.

3. Applicant calls Ms Terry again asking about the Motion to withdraw his plea of guilt on the ground of INeffective assistance of counsel. She Says you have to write the judge before the 30 days are up. Applicant states, " you said you were going to talk to the judge." Then she says your'll be getting a letter any day.

4. Ms. Terry stated in her affidavit I used withdraw the plea and appeal my case "interchangeable" that is not true at all. I know I signed a paper saying I had no right to appeal! I know I had 30 days to withdraw my plea because I did it with my last felony in 2011.   5.

5. To discredit the interchangeable claim all the fact finders have to do is see exhibit-C in memorandum. Mr. Bynum clearly states quote "your" attorney Ms. Terry asked me to write you concerning your request to withdraw your plea unquote. Mr. Bynum goes on to say "Unfortunately this office is note able to file a motion for new trail on your behalf".

6. After recieving Mr. Bynum's letter and Defense Counsel refused to speak to me on the phone during the 30 days to file motion for NEW TRAIL I spoke to Mr. Bynum about my whole situation he said he could not help me "because he worked for the same office as Ms. Terry.

7. Applicant did file pro-se motion to withdraw guilty plea for ineffective assistance of counsel when Ms. Terry abandoned applicant before the 30 days were up.

8. Pro-se motion was not presented to the court because Ms. Terry deprived Applicant of effective assistance.

9. Ms. Terry refused filing motion because applicant clearly stated he wanted her to file Motion for ineffective assistance of Counsel grounds.

10. Applicant also wrote the 127th District Judge Ryan Patrick two personal letters dated 11-16-13 and 11-28-13 about defense counsels abandonment and refusal to file motion on applicants behalf because she would have to admit she made a mistake SEE Clerks records pages 57, 59 and 60. Also pro-se Motion to withdraw guilty plea in Writ appendix.

6.

## CONCLUSIONS OF LAW

1. The Applicant does prove Counsels representation fell below an objective standard of reasonableness and a reasonableness probability that, but for counsels unprofessional errors, the results of the proceeding would have been different. Strickland v. Washington 466 U.S. 668, 688 104 S.CT 2064 (1984) Mitchell v. STATE 68 sw3d 640,642 (Tex Crim App 2002)

2. Exhibts in Writ memorandum appendix prove that Ms. Terrys actions fell outside of prevailing professional norms.

3. The totality of circumstances demonstrates that the applicant was denied effective assistance of Counsel during plea bargin and time for New Trail Motion Phases.

4. Interrupting plea allocution several times proves guilty plea was involuntary. SEE Ms. Terry affidavit.

5. Applicant recieved substandard advice during plea bargaining phase, erroreous information led to decline the plea offer that would have resulted in a 2 year sentence. Butler v. STATE 716 sw2d. 48 (Tex. crim. App 1986)

6. The evidence suggest a reasonable probability that plea offer would have been accepted but for defense counsels ineffective assistance.

7. Abandoned by counsel during Motion for New Trail phase denied constitutional right of counsel U.S.C.A. Const. Amend 6; Rules app. proc. Rule 21.4 Prudhomme v. STATE 28 sw3d 114

7.

8 By signing for 7 years T.D.C.J sentence proves applicant would have signed 2 year sentence if not but for erroneous information provided by appointed Defense Counsel. The United States Supreme Court held that when a plea offer by the state is rejected due to ineffective assistance of counsel the defendant is entitled to a second chance at accepting the offer even if he subsequantly pleaded guilty to less favorable terms.

LAFLER V. COOPER 132 S.CT 1376 (2012)

9. Applicant was denied his due process and due course of law rights under the fifth and fourteenth Amendments to the United States Constitution and the rights to the assistance of counsel under the Sixth and Fourteenth Amendments when applicants counsel gave applicant erroneous and misleading information of a clear point of law before refusing the two year plea offer. Which caused applicant to proceed to trail, and also while abandoned for the 30 days for filing a Motion for New Trial A criminal defendant who proceeds to trail in State Court in total ignorance of the precise nature of the charge and range of punishment it carries has suffered a violation of proceedural due process.

Davidson V. U.S. 405 sw3d. 1082 (2013 Tex. crim. App. Lexis 793) 2012

10. To show prejudice the applicant has showed that there was a reasonable probabilitly that but for counsel's unprofessional errors the results of the proceeding could have been different a reasonable probabilitly is a probability sufficient to undermine confidence in the outcome.

Strickland v. Washington 466.US 688, 104 SCT. 2052 (1984)

Accordingly, the applicant prays that the Texas Court of Criminal Appeals discharges him from his unconstitutionally confinedment and restraint and be relieved of his unconstitutional sentence.

## CERTIFICATE OF SERVICE

I, Mario Quintanilla hereby certify that I have served a copy of this rebuttal of STates PROPOSED FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER, in cause number 1390217-B to the HARRIS COUNTY DISTRICT CLERK on Aug. 3, 2015 by U.S. Postal Service as follows

Chris Daniels
Harris County District Clerk
   P.O. Box 4651
Houston Tx. 77210-4651


MARIO Quintanilla
Applicant          pro-se

#1892523 — Ellis Unit
1697 fm. 980
Huntsville Tx.
77343

10.